IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PHARMACEUTICAL CARE MANAGEMENT ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | Civil Action No. 21-cv-00095-JDB |

## JOINT STATUS REPORT

Plaintiff, Pharmaceutical Care Management Association (PCMA), and Defendants, the U.S. Department of Health and Human Services (HHS), *et al.*, through their undersigned counsel, submit this joint status report.

1. Plaintiff in this action raises procedural and substantive challenges to a final rule promulgated by HHS on November 20, 2020, which finalized certain new definitions, changed the scope of an existing regulatory safe harbor to remove protection for certain pharmaceutical reductions in price, and added two new safe harbors. *See Fraud and Abuse; Removal of Safe Harbor Protection for Rebates Involving Prescription Pharmaceuticals and Creation of New Safe Harbor Protection for Certain Point-of-Sale Reductions in Price on Prescription Pharmaceuticals and Certain Pharmacy Benefit Manager Service Fees*, 85 Fed. Reg. 76,666 (HHS, Nov. 30, 2020) (Discount Rule).

2. In a rule published in the Federal Register on February 2, 2021, HHS announced that it was undertaking a regulatory review of the Discount Rule, including the

1

interactions between the Rule's various provisions and the overall regulatory framework. *See* Notice, ECF No. 16. To assure time for that review, HHS delayed the effective date of the new safe harbor provisions and new definitions from January 29, 2021, until March 22, 2021. *See id.*

3. Upon the request made by the parties through stipulation, this Court subsequently issued two orders that collectively postponed the effective dates of all of the rule's provisions until January 1, 2023. *See* Order, ECF No. 19; Order, ECF No. 27. The Court's order also placed this case in abeyance, subject to the continued consent of the parties. Order, ECF No. 27.

4. At this time, HHS's review of the Discount Rule remains ongoing. HHS does not presently know when that review will be complete. Accordingly, HHS believes that this case should remain in abeyance.

5. PCMA appreciates HHS's effort to review the Discount Rule, and agrees that these proceedings should remain in abeyance for the time being while the government proceeds with that review. Should the Discount Rule and its current effective dates remain in place, however, PCMA continues to anticipate that it may become necessary to resume these proceedings in order to ensure sufficient time for briefing and decision on the status of the Discount Rule before PCMA's members get too far along in planning and preparation for the 2023 contract year. PCMA and its members are continuing to evaluate the timeline by which litigation would need to resume.

6. To ensure there is no further delay if these proceedings resume, PCMA has requested that the government proceed with producing the administrative record. In response, the government initially proposed to produce the administrative record by July

1. In late June, however, the government advised PCMA that it has encountered setbacks in the production process. PCMA has so far accommodated the government's request for additional time to produce the administrative record. But more than a month has passed since the government first reported that it had encountered setbacks. In anticipation of this joint status report, PCMA met and conferred with counsel for the government and asked HHS to identify the date by which it expects to produce the administrative record, but government counsel advised that they are not able to identify that date. PCMA appreciates the government's efforts and understands that setbacks may arise. Should the government continue to delay in even setting a date for production of the administrative record, however, PCMA anticipates that it may need to seek the intervention of this Court to ensure that the parties are in position to promptly and efficiently submit briefs to this Court should proceedings resume.

7.   In the meantime, the parties jointly request that the Court maintain this case in abeyance, and propose to submit another joint status report on August 31, 2021.

Dated: July 30, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

MICHELLE BENNETT
Assistant Branch Director

/s/ Alexander V. Sverdlov
ALEXANDER V. SVERDLOV (NY Bar 4918793)
LISA ZEIDNER MARCUS (NY Bar 4461679)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 305-8550
alexander.v.sverdlov@usdoj.gov

*Attorneys for Defendants*

/s/ Helgi C. Walker
Helgi C. Walker, D.C. Bar No. 454300
Matthew S. Rozen, D.C. Bar No. 1023209
Brian A. Richman, D.C. Bar No. 230071
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
HWalker@gibsondunn.com

*Attorneys for Plaintiff Pharmaceutical Care Management Association*